O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEWAYNE TERRY LANDRUM, | ) | CASE NO. CV 14-2190 DOC (RZ) |
| Petitioner, | ) ) ) | ORDER SUMMARILY DISMISSING PUTATIVE PETITION FOR MANDAMUS WITHOUT PREJUDICE |
| vs. | ) ) | |
| THE STATE OF ARIZONA, | ) ) | |
| Respondent. | ) ) | |

   The Court will summarily dismiss this putative petition for a writ of mandamus without prejudice. Petitioner, who is aggrieved about an alleged miscalculation of his federal prison sentence, seeks relief available only in a 28 U.S.C. § 2241 petition, not in mandamus – and certainly not in mandamus directed to an Arizona state court. Petitioner may file such a habeas petition, taking care to name the warden of his prison as Respondent.

   Petitioner Dewayne Terry Landrum is a federal prisoner housed at Lompoc, in this judicial district. He does not indicate what his commitment offense was or how long his sentence is. He complains that he received only four months of credit (towards satisfaction of his current federal sentence) for serving a 30-month Arizona criminal sentence, and that he should have received a full 30 months of such credit. In February of 2014, he sent a letter to the Arizona trial court to this effect, but that court refused to act.

He now turns to this Court seeking a writ mandating that the Arizona court correct this error. For several reasons, the Court cannot do so, but only one reason bears mention.

Mandamus lies if and only if the law provides no other adequate remedy. *See Marbury v. Madison*, 1 Cranch 137, 147, 152, 163, 5 U.S. 137, 2 L. Ed. 60 (1803) (citing English common law authorities, including WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND (1771)). Petitioner can challenge the computation of credits toward his federal sentence by filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. Mandamus thus is unavailable.

For the foregoing reason, the Court DISMISSES the action without prejudice to Petitioner's pursuit of relief in a § 2241 habeas petition. If Petitioner does so, he must name the warden, or other person in charge of his prison, as Respondent. 28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts (applicable to § 2241 cases, *see* Rule 1(b)); *Rumsfeld v. Padilla*, 542 U.S. 426, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004).

DATED: April 3, 2014

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE